IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY A. WASHINGTON                                                                                      PLAINTIFF

        v.                              Civil No. 4:10-cv-4054

SGT. ALICER MILLER, Miller
County Correctional Facility; OFFICER
RHONE, Miller County Correctional Facility;
OFFICER HENSON, Miller County
Correctional Facility; WARDEN G. TURNER,
Miller County Correctional Facility; and
SHERIFF RON STOVALL                                                                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Anthony A. Washington, currently an inmate of the Miller County Correctional Facility, filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### Discussion

In this case, Plaintiff alleges the Defendants, all employed at the Miller County Correctional Facility, are not paying him for shining shoes. For months, he states he has worked for free.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a

citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States. In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must allege that each Defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Plaintiff's claims fail because a detainee has no constitutional right to be paid for his labor. Instead, such compensation is by grace of the state. *See e.g., Jennings v. Lombardi*, 70 F.3d 994 (8th Cir. 1995); *Manning v. Lockhart*, 623 F.2d 536, 538 (8th Cir. 1980); *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968)(same).

## Conclusion

For the reasons stated, I recommend that this case be dismissed prior to service of process because the claims asserted are frivolous and/or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of May 2010.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE